UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN JAVIER MEJIA, | ) | Case No. 5:18-cv-02407-VBF-JC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ACCEPTING FINDINGS, |
| v. | ) | CONCLUSIONS, AND |
| | ) | RECOMMENDATIONS OF |
| | ) | UNITED STATES MAGISTRATE |
| STUART SHERMAN, Warden, | ) | JUDGE |
| | ) | |
| Respondent. | ) | |

I.  **SUMMARY**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and all of the records herein, including the June 26, 2021 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections thereto filed on September 10, 2021 ("Objections") (Docket No. 17).

The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge reflected in the Report and Recommendation, and overrules the Objections. The Court discusses petitioner's principle objections herein.

## II. DISCUSSION

Petitioner, proceeding with the assistance of a fellow inmate, objects to the Report and Recommendation, alleging, *inter alia*, that the Magistrate Judge has "completely disregarded" the fact that petitioner is developmentally disabled, unable to comprehend or read, and lacks knowledge of court rules and procedures to pursue his rights diligently. (Objections at 1-2). Petitioner asserts that he "never gained the proper assistance during trial, post-conviction and now in this Court." (Objections at 2). Petitioner appears to suggest that the denial of counsel in these proceedings violated the Americans with Disabilities Act ("ADA"). (Objections at 1).

Contrary to petitioner's assertions, the record – which the Court reviewed in its entirety – reflects that he was assisted by appointed counsel at trial and on appeal through the California Court of Appeal. See, e.g., Lodged Docs. 1-2 (Clerk's Transcript and Reporter's Transcript reporting that attorney Richard Swanson represented petitioner in the proceedings before the trial court); Lodged Docs. 3, 5 (petitioner's appellate briefing filed by attorney Richard de la Sota). Although petitioner asserted that his appellate counsel was ineffective for failing to file a petition for review to the California Supreme Court, as the Magistrate Judge explained in the Report and Recommendation petitioner was able to raise his claims with the California Supreme Court and there is no suggestion that his claims would have fared any better had counsel raised them on petitioner's behalf. See Report and Recommendation at 14-16. There is no suggestion of any prejudice to petitioner from his counsel's representation at trial or on appeal.

As for petitioner's ability to pursue his rights before the Court, it is true that petitioner did not have counsel in these proceedings. Petitioner has no constitutional right to counsel in these proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (right to counsel extends "to the first appeal of right and no further"); see also Duckett v. Godinez, 67 F.3d 735, 750 n. 8 (9th Cir.1995)

(noting no right to counsel in habeas proceeding), cert. denied, 517 U.S. 1158 (1996).  The ADA does not provide a basis for the appointment of counsel in these proceedings.  See, e.g., Randle v. Grounds, 2018 WL 6027120, at * 7 (C.D. Cal. Sept. 28, 2018) (fact that petitioner could not read or right did not entitle petitioner to appointment of counsel as an accommodation under the ADA), report and recommendation adopted, 2018 WL 6025838 (C.D. Cal. Nov. 15, 2018).  Moreover, there is no indication on the record that petitioner was unable to pursue his claims diligently and comprehensively before the Court.  Petitioner timely presented his exhausted claims with the Court and thereafter met all the Court's deadlines despite his alleged disabilities.

While the Court has been aware of petitioner's alleged disability (see, e.g., Petition at CM/ECF Page No. 54 (copy of petitioner's letter request to the Federal Public Defender seeking counsel for these proceedings, alleging that petitioner has a disability (*i.e.*, low cognitive functioning and visual impairment) making it hard for him to read or write or understand material regarding his case); Lodged Doc. 7 at 1 (Petition for Review filed with the California Supreme Court asserting that petitioner is unable to understand his legal proceedings because he has a sixth grade reading level and low "TABE" score)), the Court has found no cause to appoint counsel herein.  See Docket Nos. 14-15 (order denying petitioner's request for appointment of counsel filed after the Magistrate Judge issued the Report and Recommendation; considering, *inter alia*, petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved and the lack of any substantial evidence of incompetence) (citing Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Indeed, in objecting to the Report and Recommendation, petitioner again has been able to assert arguments in favor of his claim of instructional error, albeit arguments the Court does not find persuasive.  See Objections at 3-6.  As the Court has explained, the California Court of Appeal's reasonable and well-supported rejection of his state law claim

of instructional error binds this Court on habeas review.  See Report and Recommendation at 13-14 (citing Bradshaw v. Richey, 564 U.S. 74, 76 (2005)).

### III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition is denied on the merits, this action is dismissed with prejudice and Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and on respondent's counsel.

IT IS SO ORDERED.

DATED: February 8, 2022                    /s/ Valerie Baker Fairbank

_____
HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE